PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS HARRIS, | ) | |
| | ) | CASE NO.  4:20CV71 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN RICHARD BOWEN, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 62, 76, 79, 82] |

Pending before the Court is Defendants'[1] Second Motion to Dismiss.  ECF No. 62.

Plaintiff did not file a response in opposition.  For the reasons stated below, Defendants' Second

Motion to Dismiss is granted.

## I. Background

Plaintiff initiated this action alleging that Defendants had infringed on his civil rights, in

violation of 42 U.S.C. § 1983.  ECF No. 1.  Subsequently, Plaintiff filed multiple requests to

amend his complaint.  *See* ECF Nos. 3, 37, 47, 48, 51.[2]  With permission from the Court,

Plaintiff filed two amended complaints (ECF Nos. 34, 49).  After the Court's most recent Order

granting Plaintiff leave to file an amended complaint (ECF No. 57), Plaintiff sought two more

extensions (ECF Nos. 64, 71), both of which were denied.  ECF No. 73 (explaining why

---

[1] Defendant Warden Richard Bowen, Defendant Warden Anthony Davis, Defendant Lieutenant Waylon Wine, Defendant Officer Darrin Johnson, Defendant Officer Andrew Allison, Defendant Officer Jay Nolte, Defendant Officer Darrell Parker, and Defendant Officer Farhan Choudhry (collectively, "Defendants").  Also, the State of Ohio is an Interested Party in this matter.

[2] The Court granted each of Plaintiff's requests except for ECF No. 48, which was denied as futile.  *See* 2/12/2020 Non-document Order, and ECF Nos. 43, 57.

(4:20CV71)

additional requests for extensions were denied). Still, Plaintiff did not file an amended complaint

within the prescribed time frame. Therefore, Plaintiff's Consolidated Amended Complaint (ECF

No. 49), is the operative complaint. ECF No. 75.

      Defendants aver that Plaintiff "fails to meet the pleading standards of *Iqbal* and *Twombly*

and Fed. R. Civ. P. 8(a)(2)" because the complaint contains only conclusory allegations and does

not specify which Defendant committed the acts giving rise to Plaintiff's claim. ECF No. 62 at

PageID #: 679 – 680. Plaintiff alleges he has been "systematically harassed and abused by

prison officials" which caused him to file "several non-frivolous complaints and grievances[.]"

ECF No. 49 at PageID #: 533. As a result of filing complaints, Plaintiff states that he was

transferred to Southern Ohio Correctional Facility ("SOCF") where he was (1) housed "in

conditions similar to punitive segregation[,]" for 40 days, and (2) subjected to prison officials

with a "reputation for abusing prisoners and violating their constitutionally protected rights." Id.

at PageID #: 533 – 534. Plaintiff declares that Defendant Warden Richard Bowen conspired

with Ronald Erdos,[3] Warden of SOCF, to have Plaintiff transferred to SOCF. In addition,

Plaintiff states that Warden Erdos threatened him, specifically stating:

1. "Warden Bowen[4] called me and ask (sic) me to take you and deal with you because you were filing a lot of complaints."

2. "You will lay down here, not file complaints like you did at [Ohio State Penitentiary], or put your hands on any of my officers, because if you do[,] we will kill you."

---

      [3] Warden Erdos is not a named party to this action, although Plaintiff refers to Warden Erdos as "Defendant Erdos[.]" ECF No. 49 at PageID #: 534.

      [4] Defendant Warden Richard Bowen.

2

(4:20CV71)

Id. at PageID #: 534.  For relief, Plaintiff requests that the Court issue an injunction ordering

Defendants to transfer him to a facility that would offer him the "same privileges and property

similar to [Ohio State Penitentiary]."  Id.

## II.  Discussion

"Following *Twombly* and *Iqbal*, it is well settled that a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for*

*Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  "A claim is plausible on its face if

the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.'"  *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369

(quoting *Iqbal*, 556 U.S. at 678).  When considering a motion to dismiss, we must "'accept all

well-pleaded factual allegations of the complaint as true and construe the complaint in the light

most favorable to the plaintiff.'"  *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012)

*(quoting Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007)).  "We do not, however, need to

accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007))*.* "  *Campbell v. Nationstar Mortg.,* 611 F.

App'x 288, 291 (6th Cir. 2015).

A pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  *Iqbal,* 556 U.S. at 677-78 *(*quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff is not required to include detailed factual allegations, but must provide more than "an

unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  A pleading that offers

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]"

(4:20CV71)

devoid of "further factual enhancement." *Id.* at 557.  It must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

In the case at bar, Plaintiff does not satisfy the pleading standard.  For claims made under

42 U.S.C. § 1983,[5] a plaintiff must show "(1) that he or she was deprived of a right secured by

the Constitution or laws of the United States; and (2) that the deprivation was caused by a person

acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing

*Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012).  Most of Plaintiff's allegations in

the operative complaint contain conclusory allegations devoid of any factual support or

relevance.[6]  The only factual allegations Plaintiff offers are the two statements from Warden

Erdos, who is not even a party to this action.  While Plaintiff makes mention of Defendant

Warden Richard Bowen, it is limited to a legal conclusion that he conspired with Warden Erdos.

ECF No. 49 at PageID #: 533.  Plaintiff makes no specific allegations aimed at any of the other

named Defendants.  Because Plaintiff states no claim which, construed in a light most favorable

to him, could warrant relief, the motion to dismiss must be granted.  *See Curry v. City of*

*Mansfield*, No. 1:21 CV 1455, 2021 WL 5359184, at *3 (N.D. Ohio Nov. 16, 2021) (finding that

dismissal pursuant to Fed. R. Civ. P. 12(b)(6) was appropriate because the "[d]efendants are not

mentioned at all in the body of the [c]omplaint").

---

[5]  Although Plaintiff's initial Complaint makes a claim pursuant to 42 U.S.C. § 1983 (ECF No. 1-1), no mention of the statute, or any other statute, is mentioned in the operative Complaint (ECF No. 49).

[6]  Out of Plaintiff's eleven numbered paragraphs, numbered paragraphs one through three, and six through ten are either devoid of any factual support or not relevant.

(4:20CV71)

Also, Plaintiff's claim must fail because he does not state what right, or any right, he was

deprived of, nor does he mention acts of any Defendant named to this action.  *See, e.g.*,

*McIntyre on Behalf of S.B.M. v. Brown*, No. 1:18 CV 1893, 2019 WL 524071, at *4 (N.D. Ohio

Feb. 11, 2019) (finding plaintiff's "sparse and confusing factual allegations, and conclusory legal

assertions against unspecified defendants, do not support a plausible § 1983 civil rights claim

upon which relief may be granted"); *Colter v. Mehki*, No. 3:20 CV 2513, 2021 WL 681405, at *2

(N.D. Ohio Feb. 22, 2021) (concluding that plaintiff's civil rights claim pursuant to 42 U.S.C. §

1983 does not state a cognizable claim because it does not allege defendant had any personal

involvement in the deprivation of plaintiff's rights); *Fowler v. Kasperovich*, No. 1:20 CV 355,

2020 WL 1984888, at *2 (N.D. Ohio Apr. 27, 2020) (concluding dismissal was appropriate

because plaintiff's "perfunctory [42 U.S.C. § 1983] claims are entirely conclusory and the

[c]omplaint is devoid of factual allegations reasonably suggesting that defendants are liable for

violating his rights").

### III.  Conclusion

For the reasons stated above, Defendants' Second Motion to Dismiss (ECF No. 62) is

granted.[7]  A separate Judgment Entry will enter.

IT IS SO ORDERED.

---

[7] Also pending before the Court is (1) Plaintiff's Second Motion to Compel Case Documents (ECF No. 76); (2) Plaintiff's Motion for the Appointment of Mediator (ECF No. 79); and (3) Defendants' Motion for Extension of Dispositive Motions Deadline (ECF No. 82).  Because the Court has granted Defendants' Second Motion to Dismiss (ECF No. 62), the other currently pending motions (ECF Nos. 76, 79, 82) are denied as moot.

(4:20CV71)

January 28, 2022
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge